IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN BURROW, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-520-O |
| | § | |
| LORIE DAVIS-DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, John Burrow, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## I. BACKGROUND

On December 8, 2015, in Parker County, Texas, Case No. CR15-0332, Petitioner pleaded guilty pursuant to a plea agreement to one count of assault by choking and was sentenced to five years' imprisonment. SHR[1] 7-12,[2] ECF No. 12-4. Petitioner did not appeal his conviction but did file a postconviction state habeas-corpus application on January 29, 2019, raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals without written

---

[1] "SHR" refers to the court record of Petitioner's state habeas proceeding in WR-89,573-01.

[2] The pagination in the ECF header is used in all record references.

order.[3] *Id.* at 15-33 & Action Taken, ECF Nos. 12-4 & 12-1, respectively. This federal habeas-corpus petition was filed on June 10, 2019.[4] Pet. 21, ECF No. 1. Petitioner raises five grounds for relief. *Id.* at 7-18. Respondent asserts that the petition is untimely under the federal statute of limitations and should be dismissed. Resp't's Preliminary Answer 4-13, ECF No. 11.

## II. LEGAL DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this

---

[3] A state prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's application does not provide that information, however he signed the document on January 29, 2019. Thus, the application is deemed filed on that date.

[4] A prisoner's pro se federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Petitioner challenges his 2015 conviction, the one-year limitations period began to run under subsection (A), applicable in this case, on the date the judgment of conviction became final upon expiration of the 30-day period Petitioner had for filing a notice of appeal on January 7, 2016, and expired one year later on January 7, 2017, absent any tolling. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's postconviction state habeas application filed on January 29, 2019, after the limitations period had expired, did not operate to toll the limitations period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the petition is time-barred unless equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner makes no effort to explain his delay and nothing in the record suggests that any extraordinary circumstances prevented him from timely filing his petition. Rather, despite his guilty plea, he claims that he is actually innocent of the offense based on alleged newly discovered evidence——the victim's criminal history of family violence and making false police reports, which was withheld by the state and/or his trial attorney; that the victim was the aggressor; that he was coerced and threatened into pleading guilty by the state's and his attorney's threat that he could receive "a habitual sentence of 25 to life";

3

and that the state persisted in prosecuting him notwithstanding the fact that the victim dropped the charges. Pet'r's Rebuttal 2-5, ECF No. 15. A petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"–sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). Petitioner's so-called newly discovered evidence is not persuasive. The fact that the victim had a criminal history is not reliable proof that Petitioner did not commit the offense as alleged in the indictment.

Because Petitioner fails to demonstrate that any tolling of the limitations period is applicable, his federal petition was due on or before January 7, 2017. His petition filed on June 10, 2019, is therefore untimely.

### III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**. TDCJ's website indicates that Petitioner's is now confined at the Goodman transfer unit at 349 Private Road 8430, Jasper, Texas 75951. The clerk of Court is directed to send a copy of the opinion and final judgment to Petitioner at his address of record and at the Goodman Unit (GG) – Texas Transfer Facility at the address above.

**SO ORDERED** on this 9th day of April, 2020.

Reed O'Connor
UNITED STATES DISTRICT JUDGE